Enrique Guadalupe, etc., et al., Plaintiffs and Appellants, *v.* Joaquín L. Rodríguez et ux., Defendants and Appellees.

No. 9281. Argued March 6, 1946.—Decided May 20, 1946.

*R. Arjona Siaca* for appellants. *Rafael A. Arroyo Ríos* for appellees.

Mr. Justice De Jesús delivered the opinion of the court.

Appellants brought this action of revendication against appellees to recover the ownership and possession of a certain rural property described in the complaint. They alleged that they were owners of this property by inheritance

from their parents and that neither the latter nor the appellants had ever conveyed it. They also claimed the fruits yielded or that should have been yielded. The date of the original complaint is not revealed, but it appears that the amended complaint was filed on May 24, 1941.

The evidence for appellants tended to prove their title to the property and that appellees had been in its possession until March or April 1942, at which time it was condemned by the United States Government, who has owned it ever since.

The lower court granted the motion for nonsuit filed by the appellees and rendered judgment dismissing the complaint on the sole ground that the appellees were not in possession of the property at that time. The question to be determined in this appeal is whether the lower court erred in sustaining the motion for nonsuit and in dismissing the complaint.

 Accepting as true appellants' evidence in so far as the motion for nonsuit is concerned, we must conclude that the appellees prejudiced appellants' rights by appropriating to themselves the property and its fruits until it was condemned. It is true that an action of revendication, properly speaking, can not succeed where plaintiff fails to prove that the property sued on is in possession of the defendant. But are the appellants really shorn of a remedy because of the fact that the property was taken from appellees during the pendency of this proceeding? Section 284 of the Code of Civil Procedure invoked by appellants is decisive. It provides:

"In an action for the recovery of real property where the plaintiff shows a right to recover at the time the action was commenced, but it appears that his right has terminated during the pendency of the action, the verdict and judgment must be according to the facts, and the plaintiff may recover damages for withholding the property."

140

Appellants' evidence leaves no doubt that at the time of commencing the action, they had a right to recover the land and that this right ceased when, by reason of the condemnation proceedings, *ipso facto* the action of revendication was barred. This being so, under the above-quoted Section, then immediately arose appellants' right to recover damages for withholding the property, that is, compensation for the value of the property plus the fruits yielded or that should have been yielded, if proved, from the time that appellees took the property until they ceased in its possession. We concede that appellants did not seek that remedy, but under Rule 54(c) of the Rules of Civil Procedure, " . . . every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings (except in judgments by default)."

For the reasons stated the judgment appealed from must be reversed and, as sought by appellants, the case shall be remanded to the lower court for the continuation of the trial.